**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| **SMILEY TEAM II, INC.,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | |
| | § | **CIVIL ACTION NO. 3:21-cv-00103** |
| **GENERAL STAR INSURANCE** | § | |
| **COMPANY,** | § | |
| | § | |
| *Defendant.* | § | |
| | § | |

### DEFENDANT GENERAL STAR INDEMNITY COMPANY'S
### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441, Defendant General Star Indemnity Company ("General Star"),[1] hereby removes the action styled and numbered *Smiley Team II, Inc., v. General Star Insurance Company*, Cause No. 21-CV-0326, pending in the 212th District Court of Galveston County, Texas to the United States District Court for the Southern District of Texas, Galveston Division. For the reasons set forth below, removal of the state court action is proper under 28 U.S.C. §§ 1332, 1441, and 1446.

### I.      THE STATE COURT ACTION

1.      On March 10, 2021, Plaintiff, Smiley Team II, Inc. ("Plaintiff") filed its Original Petition in the 212th District Court of Galveston County, Texas – Cause No. 21-CV-0326 against Defendant, General Star Indemnity Company ("Defendant" or "General Star"). Plaintiff requested a jury trial.[2]

---

[1]      Plaintiff's Original Petition incorrectly names defendant as General Star Insurance Company.

[2]      *See* Plaintiff's Original Petition, attached as ***Exhibit C***.

## II.    DEFENDANT'S REMOVAL IS TIMELY

2.    General Star was served with the Original Petition and citation on March 17, 2021 by delivery through its registered agent for service of process, Corporation Service Company. Plaintiff's Original Petition alleged that "Plaintiff seeks damages of $75,000 and will not accept any more than $75,000 at this time" and included "Plaintiff's Binding Stipulation," which advised that the "total sum or value in controversy in this cause of action does not exceed $75,000 exclusive of interests and costs."[3]

3.    The Parties agreed to extend the deadline for General Star to respond to Plaintiff's Original Petition to May 12, 2021.[4] Accordingly, General Star has not filed an answer or responsive pleading in state court at this time.

4.    Generally, a defendant must file a notice of removal within 30 days from the time the defendant receives an "initial pleading setting forth the claim for relief . . . ."[5] However, this 30–day period "starts to run from defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face that the pleading is seeking damages in excess of the jurisdictional amount of the federal court."[6] When the initial pleading does not provide grounds for removal, a defendant may remove the action "within 30 days after receipt ... of an amended pleading, motion, or other paper from which it may first be ascertained that the case is one which is or has become removable."[7]

---

[3]    *Id.*

[4]    *See* Rule 11 Agreement, attached as ***Exhibit E***.

[5]    28 U.S.C. § 1446(b)(1).

[6]    *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992).

[7]    28 U.S.C. § 1446(b)(3).

5.      On April 8, 2021, Plaintiff filed its First Amended Petition.[8] Plaintiff's First Amended Petition amended Plaintiff's claimed damages to "monetary relief of $250,000 or less, excluding interest, statutory or punitive damages and penalties, and attorney's fees and costs."[9] General Star received notice of Plaintiff's First Amended Petition on April 29, 2021.  Thus, the 30-day removal clock began to run when General Star received Plaintiff's First Amended Petition, which made "unequivocally clear and certain" that the amount in controversy exceeds the relevant jurisdictional threshold of $75,000 and the case is removable.[10] Although General Star received a copy of Plaintiff's First Amended Complaint on April 29, 2021, in an abundance of caution, General Star files the instant Notice of Removal within 30 days of Plaintiff's filing of its First Amended Complaint on April 8, 2021.

6.      Accordingly, General Star files this Notice of Removal within the 30-day time period required by 28 U.S.C. § 1446(b)(3).

### III.      VENUE IS PROPER

7.      Venue is proper in the United States District Court for the Southern District of Texas, Galveston Division, under 28 U.S.C. §§ 124(d)(3) and 1441(a) because this district and division embrace the place in which the removed action has been pending.

### IV.      BASIS FOR REMOVAL

8.      Removal of this action is proper under 28 U.S.C. § 1441 because it is a civil action brought in a state court and the federal courts have original jurisdiction over the subject matter pursuant to 28 U.S.C. § 1332.  Specifically, removal is proper because there is now, and was at the

---

[8]      *See* Plaintiff's First Amended Petition, attached as ***Exhibit D***.

[9]      *Id.*

[10]      *See Bosky v. Kroger Tex., LP*, 288 F.3d 208, 211-12 (5th Cir. 2002).

time this action was filed, complete diversity of citizenship between Plaintiff and General Star, and the amount in controversy exceeds $75,000 excluding interest and costs.

9.      Plaintiff was at the time this lawsuit was filed, and at the date of this Notice remains, organized under the laws of the State of Texas with its principal place of business in Houston, Texas.  Thus, Plaintiff is a citizen of Texas for purposes of this Court's diversity jurisdiction.

10.      Defendant, General Star is an insurance company incorporated in the State of Delaware with its principal place of business in Connecticut.  Defendant is thus a citizen of Delaware and Connecticut for purposes of diversity jurisdiction.

11.      Accordingly, there is now complete diversity of citizenship between Plaintiff and General Star.

## V.      AMOUNT IN CONTROVERSY

12.      If it is facially apparent that Plaintiff's claims exceed the jurisdictional amount, General Star's burden is satisfied.[11]

13.      When removal is premised upon diversity jurisdiction and the parties' dispute whether the amount in controversy exceeds $75,000, see 28 U.S.C. § 1332(a), courts must determine the amount in controversy in light of" the claims in the state court petition as they existed at the time of removal."[12]

14.      The district court must first examine the petition to determine whether it is "facially apparent" that the claims exceed the minimum jurisdictional requirement.  If it is not thus apparent, the court may rely on "summary judgment-type" evidence to ascertain the amount in controversy.[13]

---

[11]    *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1999).

[12]    *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[13]    *St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

Courts have considered pre-suit demand letters as such evidence in determining whether defendants have met the preponderance burden.[14]

15.     Plaintiff seeks monetary relief of $250,000 or less, excluding interest, statutory or punitive damages and penalties, and attorney's fees and costs.[15]

16.     Thus, Plaintiff's claims exceed the minimum jurisdictional requirement of $75,000.00.  Because there is complete diversity among the parties and the amount in controversy requirement is satisfied, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a).  Removal is therefore proper.

## VI.     COMPLIANCE WITH 28 U.S.C. § 1446

17.     Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice will be promptly filed with the clerk of 212th District Court of Galveston County, Texas.

18.     All pleadings, orders, and other filings in the state court action are attached to this Notice as required by 28 U.S.C. § 1446(a).

19.     In compliance with Local Rule 81, the following documents are attached:

A.     Index of Matters Being Filed with Notice of Removal—identified as Exhibit A;

B.     All executed process in the case—identified as Exhibit B;

C.     Plaintiff's Original Petition—identified as Exhibit C;

D.     Plaintiff's First Amended Petition—identified as Exhibit D;

E.     A copy of the Parties' Rule 11 Agreement—identified as Exhibit E;

---

[14]     *See Hartford Ins. Grp. v. Lou–Con Inc.*, 293 F.3d 908, 910–12 (5th Cir. 2002) (per curiam); *Greenberg*, 134 F.3d at 1254-55; *Wilson v. Belin*, 20 F.3d 644, 651 n.8 (5th Cir. 1994); *Molina v. Wal–Mart Stores Tex., L.P.*, 535 F.Supp.2d 805, 808 (W.D. Tex. 2008).

[15]     *See* Plaintiff's First Amended Petition, attached as ***Exhibit D***.

F.      A copy of the docket sheet in the state court action—identified as Exhibit

        F; and

G.      A list of all counsel of record, including addresses, telephone numbers and

        parties represented—identified as Exhibit G.

## VII.    JURY DEMAND

Plaintiff demanded a jury trial in its First Amended Petition.

## VIII.    CONCLUSION

WHEREFORE, Defendant General Star Indemnity Company requests that this action be

removed from the 212th Judicial District Court of Galveston County, Texas, to the United States

District Court for the Southern District of Texas, Galveston Division, and that this Court enter

such further orders as may be necessary and appropriate.


                                        Respectfully submitted,

                                        By:  */s/ Kristin C. Cummings*
                                             Kristin C. Cummings
                                             Attorney-in-Charge
                                             Texas Bar No. 24049828
                                             Federal ID No. 719639
                                             kcummings@zelle.com

                                        ZELLE LLP
                                        901 Main Street, Suite 4000
                                        Dallas, Texas 75202-3975
                                        Telephone:     (214) 742-3000
                                        Facsimile:     (214) 760-8994

                                        **ATTORNEY-IN-CHARGE FOR DEFENDANT
                                        GENERAL STAR INDEMNITY COMPANY**

**OF COUNSEL:**

Lindsey P. Bruning
Texas Bar No. 24064967
Federal ID No. 997691
lbruning@zelle.com
Han N. "Hanna" Kim
Texas Bar No. 24100926
Federal ID No. 3321437
hkim@zelle.com

**ZELLE LLP**
901 Main Street, Suite 4000
Dallas, Texas 75202-3975
Telephone:      (214) 742-3000
Facsimile:      (214) 760-8994

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of Defendant's Notice of Removal has been served this 7th day of May, 2021, in compliance with the Federal Rules of Civil Procedure by electronic service as follows:

Eric B. Dick
State Bar No. 24064316
eric@dicklawfirm.com
**DICK LAW FIRM, PLLC**
3701 Brookwoods Drive
Houston, Texas 77092
Telephone:      (832) 207-2007
**ATTORNEY FOR PLAINTIFF**

_/s/ Kristin C. Cummings_
Kristin C. Cummings