IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| **SMILEY TEAM II, INC.** <br> Plaintiff | § <br> § <br> § | |
| v. | § <br> § | CIVIL ACTION NO. 3:21-cv-00103 |
| **GENERAL STAR INSURANCE** <br> **COMPANY** <br> Defendant | § <br> § <br> § <br> § | |

### PLAINTIFF SMILEY TEAM II, INC.'S FIRST AMENDED COMPLAINT

TO THE HONORABLE COURT:

Plaintiff Smiley Team II, Inc. ("Plaintiff") files this First Amended Complaint against Defendant General Star Insurance Company ("Defendant Insurer") and shows:

### I. PRELIMINARY INFORMATION AND DEFINITIONS

1. Insured:            Smiley Team II, Inc. ("Plaintiff")

    Policy Number:      IMA254728F ("Policy")

    Claim Number:       G10042758 ("Claim" or "Claim Number")

    Date of Loss:       September 14, 2017 ("Date of Loss")

    Insured Property:   7425 Highway 6, Hitchcock, TX 77563-3535 ("Insured Property")

    Insurer:            General Star Insurance Company ("Defendant Insurer")

### II. PARTIES

2. Plaintiff is a company organized under the laws of the State of Texas and maintains its principal place of business in Texas.

3. Defendant Insurer is a Texas "Foreign" company registered to engage in the business of insurance in the State of Texas. Defendant Insurer may be served with process by

serving its registered agent, CT Corporation System at 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136.

### III. JURISDICTION

4. The Court has jurisdiction over the lawsuit under 28 U.S.C. §1332(a)(1) because Plaintiff and Defendant Insurer are citizens of different states and the amount in controversy exceeds $75,000.00 excluding interest and costs.

### IV. VENUE

5. Venue is proper in this district under 28 U.S.C. §1391(b)(2) because a substantial part of events or omissions giving rise to the claim occurred in this district and the property the subject of the suit is situated in this district.

### V. FACTS

6. Plaintiff owned a commercial policy Defendant Insurer issued ("Defendant Insurer's Policy"). Plaintiff owns the insured property.

7. Defendant Insurer sold Defendant Insurer's Policy, insuring the property the subject of this lawsuit to Plaintiff. Plaintiff suffered damage to the insured property when a vehicle crashed into the building.

8. Plaintiff submitted Plaintiff's claim to Defendant Insurer with above-mentioned date of loss for damage to the property and contents of the business.

9. Defendant Insurer assigned a claim number to Plaintiff's claim. Defendant Insurer failed to properly adjust the claim promptly and summarily improperly paid the claim with obvious knowledge and evidence of a covered peril.

10. Defendant Insurer improperly paid Plaintiff's claim promptly even though Defendant Insurer's Policy provided coverage for losses such as those suffered.

11. Defendant Insurer failed to perform Defendant Insurer's contractual duty to adequately compensate Plaintiff under the terms of Defendant Insurer's Policy.

12. Defendant Insurer failed and refused to pay the full proceeds of Defendant Insurer's Policy although due demand was made for proceeds to be paid out of the face amount of Defendant Insurer's Policy and Plaintiff carried out and accomplished all conditions precedent to recovery upon Defendant Insurer's Policy. Such conduct constitutes breach of the insurance contract between Defendant Insurer and Plaintiff.

13. Defendant Insurer misrepresented to Plaintiff the damage to the property was not in excess to the amount paid even though a covered occurrence caused the damage to the property. Defendant Insurer's conduct constitutes Texas Insurance Code violations.

14. Defendant Insurer failed to make an attempt to settle Plaintiff's claim in a fair manner although Defendant Insurer was aware of Defendant Insurer's liability to Plaintiff under Defendant Insurer's Policy. Defendant Insurer's conduct constitutes Texas Unfair Competition and Unfair Practices Act violations. TEX. INS. CODE § 541.060(2).

15. Defendant Insurer failed to explain to Plaintiff the reasons for Defendant Insurer's offer of an inadequate settlement. Specifically, Defendant Insurer failed to offer Plaintiff adequate compensation, without any explanations why full payment was not being made. Furthermore, Defendant Insurer did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under Defendant Insurer's Policy nor did Defendant Insurer provide any explanation for failing to adequately settle Plaintiff's claim. Defendant Insurer's conduct constitutes Texas Unfair Competition and Unfair Practices Act violations. TEX. INS. CODE § 541.060(3).

16. Defendant Insurer failed to affirm or deny coverage of Plaintiff's claims within a

reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection in writing regarding the full and entire claims from Defendant Insurer. Defendant Insurer's conduct constitutes Texas Unfair Competition and Unfair Practices Act violations. TEX. INS. CODE § 541 060(4).

17. Defendant Insurer refused to fully compensate Plaintiff, under the terms of Defendant Insurer's Policy, even though Defendant Insurer failed to conduct a reasonable investigation. Specifically, Defendant Insurer performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the property. Defendant Insurer's conduct constitutes Texas Unfair Competition and Unfair Practices Act violations. TEX. INS. CODE § 541.060(7).

18. Defendant Insurer failed to meet Defendant Insurer's obligations under the Texas Insurance Code regarding acknowledging Plaintiff's claims, beginning investigations to Plaintiff's claims and requesting all information reasonably necessary to investigate Plaintiff's claim within fifteen (15) days of receiving notice of Plaintiff's claims. Defendant Insurer's conduct constitutes Texas Prompt Payment of Claims Act violations. TEX. INS. CODE § 542.055.

19. Defendant Insurer failed to accept or deny Plaintiff's full and entire claims within fifteen (15) business days of receiving all required information. Defendant Insurer's conduct constitutes a Texas Prompt Payment of Claims Act violation. TEX. INS. CODE § 542.056.

20. Defendant Insurer failed to meet Defendant Insurer's obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, Defendant Insurer delayed full payment of Plaintiff's claims longer than allowed and Plaintiff has not yet received full payment for the claims to date. Defendant Insurer's conduct constitutes a Texas Prompt Payment of Claims Act violation. TEX. INS. CODE § 542.055.

21. From and after the time Plaintiff's claims were presented to Defendant Insurer, the liability of Defendant Insurer to pay the full claims in accordance with the terms of Defendant Insurer's Policy was reasonably clear. However, Defendant Insurer has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny the full payment. Defendant Insurer's conduct equates to breaches of the common law duty of good faith and fair dealing.

22. Plaintiff was forced to retain the attorneys representing Plaintiff in this case as a result of Defendant's acts and omissions. Plaintiff's attorneys took this case on a contingency fee of forty-five percent. Plaintiff is entitled to have Defendant pay for Plaintiff's attorneys' fees in such contingent manner as a matter of law.

23. Plaintiff's experience is not an isolated case. The acts and omissions Defendant committed in this case, or similar acts and omissions, occur with such frequency as to constitute a general business practice of Defendant Insurer on handling these types of claims. Defendant Insurer's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

## VI. CAUSES OF ACTION:

24. Plaintiff incorporates Paragraphs 1 to 23 by reference.

### COUNT 1: Breach of Contract

25. Defendant Insurer's above-described conduct constitutes a breach of the insurance contract made between Defendant Insurer and Plaintiff.

26. Defendant Insurer's above-described failure and refusal to pay the adequate compensation as Defendant Insurer is obligated to do under the terms of Defendant Insurer's Policy and under the laws of the State of Texas, constitutes material breaches of the insurance

contract with Plaintiff. Furthermore, Plaintiff suffered damages in the form of actual damages, consequential damages and reasonable and necessary attorneys' fees for such Texas Insurance Code violations.

27. Defendant Insurer's conduct constitutes multiple Texas Unfair Compensation and Unfair Practices Act violations. TEX. INS. CODE, Chapter 541. TEX. INS. CODE § 541.151 makes all violations under this article actionable.

28. Defendant Insurer's above-described unfair practice of misrepresenting to Plaintiff material facts on the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.051, § 541.060 and § 541.061.

29. Defendant Insurer's above-described unfair settlement practice of failing to attempt in good faith to effectuate a prompt, fair and equitable settlement of the claims, even though Defendant Insurer's liability under Defendant Insurer's Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.051, § 541.060 and § 541.061.

30. Defendant Insurer's above-described unfair settlement practice of failing to promptly provide Plaintiff with a reasonable explanation of the basis in Defendant Insurer's Policy, in relation to the facts or applicable law, for Defendant Insurer's offer of a compromise settlement of the claims, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.051, § 541.060 and § 541.061.

31. Defendant Insurer's above-described unfair settlement practice of failing within a reasonable time to affirm or deny coverage of Plaintiff's claims or to submit a reservation of rights to Plaintiff constitutes an unfair method of competition and an unfair and deceptive act or practice

in the business of insurance. TEX. INS. CODE § 541.051, § 541.060 and § 541.061.

32. Defendant Insurer's above-described unfair settlement practice of refusing to pay Plaintiff's claims without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.051, § 541.060 and § 541.061. Noncompliance with Texas Insurance Code Chapter 542: "The Prompt Payment of Claims Act."

33. Defendant Insurer's conduct constitutes multiple Texas Prompt Payment of Claims Act violations. TEX. INS. CODE, Chapter 542. TEX. INS. CODE § 542.060 makes all violations under this article actionable.

34. Defendant Insurer's above-described failure to acknowledge receipt of Plaintiff's claims, commence investigation of the claims and request from Plaintiff all items, statements and forms that they reasonable believed would be required within the applicable time constraints, constitutes a non-payment of the claims. TEX. INS. CODE § 542.055-542.060.

35. Defendant Insurer's above-described delay of payment of Plaintiff's claims following Defendant Insurer's receipt of all items, statements and forms reasonably requested and required, longer than the amount of time provided for constitutes a non-prompt payment of the claims. TEX. INS. CODE § 542.055-542.060.

## COUNT 2: Breach of the Duty of Good Faith and Fair Dealing

36. Defendant Insurer's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts. *See Republic Lloyds v. Nicolau,* 951 S.W.2d 444, 1997 Tex. LEXIS 69 (Tex. 1997). (Defendant insurance company acted in bad faith when it denied a claim by plaintiff insureds; in an action for property damage due to plumbing leaks the insurer was found to have hired an investigating firm biased against finding liability,

failed to follow up on substantial information indicating leaks were caused the damage and the court held denial of coverage could have been pre-textual.).

37. Defendant Insurer's above-described failure to adequately and reasonably investigate and evaluate Plaintiff's claims - although at that time Defendant Insurer knew or should have known by exercise of reasonable diligence that Defendant Insurer's liability was reasonably clear, as well as Defendant Insurer having canceled Defendant Insurer's Policy - constitutes a breach of the duty of good faith and fair dealing.

**COUNT 3: Deceptive Trade Practices & Unconscionable Conduct – Knowledge and Intent**

38. Each above-described act, together and singularly, was done "knowingly" and "intentionally" and was a producing cause of Plaintiff's damages described therein by Texas Deceptive Trade Practices Act.

39. Each above-described act, together and singularly, constitutes a Texas Deceptive Trade Practices Act violation pursuant to Texas Deceptive Trade Practices Act's tie-in provision for Insurance Code Violations. Accordingly, Plaintiff also brought each and every above-alleged cause of action under Texas Deceptive Trade Practices Act pursuant to Texas Deceptive Trade Practices Act's tie-in provision.

40. Plaintiff was a consumer who purchased insurance products and services from Defendant Insurer at all times material hereto. Defendant Insurer violated Texas Deceptive Trade Practices Act in the following manners:

   a. Causing confusion or misunderstanding as to the source, sponsorship, approval or certification of goods or services;

   b. Representing the goods or services have sponsorship, approval, characteristics, benefits or qualities which they do not have;

    c. Advertising goods or services with intent not to sell them as advertised;

    d. Representing an agreement confers or involves rights, remedies or obligations which it does not have;

    e. Failing to disclose information concerning goods or services which was known at the time of the transaction and such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed; and

    f. Engaging in an unconscionable course of conduct.

### COUNT 4: Violations of Texas Prompt Payment of Claims Act Violations: Texas Insurance Code, Chapter 542: Strict Liability with No Good Faith Exception

41. Defendant Insurer's above-described conduct constitutes multiple Texas Prompt Payment of Claims Act violations.

42. Plaintiff has a claim under an insurance policy, the insurer is liable for the claim and insurer has failed to comply with the Texas Prompt Payment of Claims Act requirement as described above. TEX. INS. CODE § 542.051-542.061.

43. Defendant Insurer failed to perform one or more of the following duties not later than the 15th day after receipt of notice of the claim as described above:

    a. Acknowledge the claim. Defendant Insurer failed to acknowledge receipt of the claim, including separate claims arising from the same incident. TEX. INS. CODE § 542.055(a)(1). *See Dunn v. Southern Farm Bur. Cas. Ins. Co.,* 991 S.W.2d 467, 472 (Tex. App.-Tyler 1999, pet. denied);

    b. Record the acknowledgement. Defendant Insurer failed to make a record of the date, means and content of the acknowledgement. TEX. INS. CODE § 542.055(c);

  c. Commence the investigation. Defendant Insurer failed to make commence a reasonable investigation of the claim. TEX. INS. CODE § 542.055(a)(2); and/or

  d. Request information from the claimant. Defendant Insurer failed to request from the Plaintiff all items, statements and forms reasonably needed from Plaintiff. TEX. INS. CODE § 542.055(a)(3).

44. Defendant Insurer failed to perform one or more of the following duties after Defendant Insurer received all items, statements and forms reasonable required by the Plaintiff as described above:

  a. Accept or reject the claim. Defendant Insurer failed to notify Plaintiff by the 15th "business day" that Defendant Insurer either accepts or rejects the claim. TEX. INS. CODE § 542.056(d);

  b. State reasons for any rejection. Defendant Insurer failed to notify Plaintiff of any reasons for denying such claim. TEX. INS. CODE § 542.056(c);

  c. Ask for more time and tell why it is needed. Defendant Insurer failed to notify Plaintiff it needed more time and the reasons for seeking more time. TEX. INS. CODE § 542.056(d);

  d. Pay the claim after accepting. Defendant Insurer failed to pay the claim within five "business days." TEX. INS. CODE § 542.057(a),(c);

  e. Pay the claim after the claimant performs any condition. If Defendant Insurer sought a condition on Plaintiff, then it did not pay such claim within five "business days." TEX. INS. CODE § 542.057(b); and/or

  f. Pay the claim within 60 days after receipt of information. Defendant Insurer failed to pay the claim within 60 days after receiving the items requested from

Plaintiff. TEX. INS. CODE § 542.058(a).

**COUNT 5: Unfair Insurance Practices: Texas Insurance Code, Chapter 541**

45. Defendant Insurer's above-described conduct constitutes multiple Unfair Insurance Practices violations.

46. Defendant Insurer engaged in one or more of the following settlement practices with respect to a claim Plaintiff made:

    a. misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue;

    b. failing to attempt in good faith to effectuate a prompt, fair and equitable settlement of the claim:

        i. with respect to which the Defendant Insurer's liability has become reasonably clear; or

        ii. a claim under one portion of the policy of the claim with respect to which the Defendant Insurer's liability has become reasonably clear in order to influence Plaintiff to settle an additional claim under another portion of the coverage, unless payment under one portion of the coverage constitutes evidence of liability under another portion of the policy;

    c. failing to provide promptly to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for Defendant Insurer's denial of the claim or for the offer of a compromise settlement of the claim;

    d. failing within a reasonable time to:

        i. affirm or deny coverage of a claim to Plaintiff; and

        ii. submit a reservation of rights to a Plaintiff.

e.  refusing, failing or unreasonably delaying an offer of settlement under first-party coverage on the basis that other coverage may be available or that third parties are responsible for the damages suffered, except as may be specifically provided in the policy;

g.  undertaking to enforce a full and final release of a claim from a policyholder when only a partial payment has been made unless the payment is a compromise settlement of a doubtful or disputed claim; and/or

h.  requiring Plaintiff to produce Plaintiff's federal income tax returns for examination or investigation as a condition of settling a claim.

47.  Defendant Insurer engaged in one or more of the following settlement practices with respect to a claim Plaintiff made:

a.  misrepresentations and false advertising of policy contracts;

b.  false information and advertising generally;

c.  defamation of insurers or persons engaged in the business of insurance;

d.  boycott, coercion and intimidation in the business of insurance;

e.  false financial statements;

f.  stock operations and advisory board contracts;

g.  unfair discrimination;

h.  rebates;

i.  deceptive names, words, symbols, devises and slogans; and/or

j.  misrepresentation of the insurance policies.

48.  Defendant Insurer engaged in one or more of the following settlement practices with respect to a claim Plaintiff made:

      a. making an untrue statement of material fact;

      b. failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made;

      c. making a statement in such manner as to mislead a reasonably prudent person to a false conclusion of a material fact;

      d. making a material misstatement of law; and/or

      e. failing to disclose a matter required by law to be disclosed, including failing to make disclosure in accordance with another insurance code provision.

## COUNT 6: Fraud

49. Defendant Insurer knowingly and with reckless disregard for the Plaintiff in the course of handling of this subject claim made false statements, misrepresented material facts and engaged in actions and/or omissions for the purpose of misleading Plaintiff as to the actual damages resulting from the peril and Plaintiff having relied upon such fraudulent conduct, has been injured. Specifically, the parties agree Plaintiff suffered a covered loss, yet Defendant Insurer insists that Plaintiff's damages are significantly less than what Plaintiff's contractors have quoted for all necessary repairs.

50. Defendant Insurer knowingly and with the reckless disregard for the Plaintiff in the course of handling of this subject claim made false statements, misrepresented material facts and engaged in actions and/or omissions for the purpose of misleading Plaintiff as to the rights, duties and insurance benefits in the subject contract for insurance and Plaintiff having relied upon such fraudulent conduct, has been injured. Specifically, Defendant Insurer's adjuster conducted an unreasonable investigation and refused to acknowledge the extent or amount of damage as

presented by Plaintiff or his contractors. Instead, Defendant Insurer insisted that Plaintiff's damages are significantly less than what Plaintiff's contractors have quoted for all necessary repairs.

51. The conduct described was done intentionally and for the purpose of having Plaintiff rely on such fraudulent conduct thereby causing Plaintiff to suffer injury.

## COUNT 7: Ongoing Conspiracy to Commit Illegal Acts

52. Defendant Insurer is a member of a combination of two or more persons whose object was to accomplish the stated illegal acts upon Plaintiff. Defendant Insurer, by and through its agents, reached a meeting of the minds and acted in such a manner as to further the conspiracy by knowingly and with reckless disregard for the Plaintiff in the course of handling of this subject claim made false statements, misrepresented material facts and engaged in actions and/or omissions for the purpose of misleading Plaintiff as to the actual damages resulting from the peril of said claim and Plaintiff having relied upon such conduct has been injured.

53. Defendant Insurer, by and through its agents, reached a meeting of the minds and acted in such a manner as to further the conspiracy to commit stated illegal acts by knowingly and with reckless disregard for the Plaintiff in the course of handling of this subject claim made false statements, misrepresented material facts and engaged in actions and/or omissions for the purpose of misleading Plaintiff as to the rights, duties and insurance benefits in the subject contract for insurance and Plaintiff having relied upon such conduct has been injured.

54. The conduct described was done intentionally and for the purpose of having Plaintiff rely on such fraudulent conduct thereby causing Plaintiff to suffer injury.

## VII. DAMAGES AND PRAYER

56. Plaintiff complains of Defendant Insurer and prays Defendant Insurer be cited to

appear and answer and Plaintiff recover from Defendant Insurer the following on a final trial on the merits:

    a. Plaintiff would show all aforementioned acts, taken together or singularly, constitute the proximate and/or producing causes of damages Plaintiff sustained.

    b. For breach of contract, Plaintiff is entitled to regain the benefit of Plaintiff's bargain, which is the amount of policy benefits withheld, together with consequential damages and attorneys' fees.

    c. For Texas Unfair Competition and Unfair Practices Act noncompliance, Plaintiff is entitled to actual damages, which includes the loss of benefits that should have been paid pursuant to the policy, including but not limited to direct and indirect consequential damages, mental anguish, court costs and mandatory attorneys' fees. *See Rosenblatt v. Freedom Life Ins. Co. of Am.,* 240 S.W.3d 315, 2007 Tex. App. LEXIS 6177 (Tex. App.—Houston [1st Dist.] 2007, no pet.). For knowing and intentional conduct of the acts complained of, Plaintiff asks for three times economic damages and three times mental anguish damages. *See* TEX. INS. CODE § 541.152 and TEX. BUS. & COM. CODE § 17.50.

    d. For Texas Prompt Payment of Claims Act noncompliance, which is strict liability without any good faith exceptions, Plaintiff is entitled to the amount of Plaintiff's claims, as well as eighteen (18) percent interest on the total amount of the claim per annum post judgment interest, as allowed by law and for any other further relief, either at law or in equity, to which Plaintiff may show here to be justly entitled. *See Am. Nat'l. Prop. & Cas. Co. Inc. v. Patty,* No. 05-00-01171-CV, 2001 Tex. App. LEXIS 5493 (Tex. App.—HARRIS Aug. 15, 2001,

pet. denied) (unpublished). The formula for calculating the interest penalty under this article is "I = P R T," where "I" is interest, "P" is principal, "R" is the interest rate and "T" is time over which to calculate interest. Thus, where the insurer tendered less than the face value of the policy, the penalty should have been calculated until judgment was entered against the insurer. Tender of partial payment of a claim does not reduce the penalty: the penalty is calculated based on the amount of the "claim," not the difference between the claim and any partial payment made. *See Republic Underwriters Ins. Co. v. Mex-Tex, Inc.,* 106 S.W.3d 174, 183-84 (Tex.App.—Amarillo 2003, pet. denied). *Also See Higginbotham v. State Farm Mut. Auto. Ins. Co.,* 103 F.3d 456, 461 (5th Cir. 1997). Tex. Ins. Code § 542 Violations are strict liability without any exception.

e. For breach of the common law duty of good faith and fair dealing, actual damages, direct and indirect consequential damages, exemplary damages and mental anguish as to be determined by the jury. *See Lee v. Safemate Life Ins. Co.,* 737 S.W.2d 84, 1987 Tex. App. LEXIS 8111 (Tex. App.—El Paso 1987, writ dism'd). Exemplary damages are recoverable for breach of duty of good faith and fair dealing under the same principles allowing recovery of those damages in other tort actions; mental anguish damages are recoverable for breach of duty of good faith and fair dealing under the same principles allowing recovery of those damages in other tort actions.

f. For fraud, Plaintiff seeks damages for breach of contract. *Albin v. Isotron Corp.,* 421 S.W.2d 739, 744 (Tex. Civ. App.-Texarkana 1967, writ ref'd n.r.e). Upon a finding of actual fraud, Plaintiff seeks exemplary damages as to be determined

      by the jury. TEX. CIV. PRAC. & REM. § 41.003(a)(1).

g. For ongoing civil conspiracy, Plaintiff seeks joint and several damages to which the conspirators caused Plaintiff along with exemplary damages as determined by the jury.

h. Plaintiff seeks attorneys' fees at a contingent rate of forty-five percent as allowed by law. If attorneys' fees must be quantified at an hourly rate, then Plaintiff seeks attorneys' fees at $750.00 per hour. *See Mid-Century Ins. Co. v. Barclay,* 880 S.W.2d 807, 1994 Tex. App. LEXIS 1480 (Tex. App.—Austin 1994, writ denied). Attorneys' fees are awarded to a party as part of the damages owed by an insurance company that violates this chapter and it is appropriate to require the insurer to pay a contingency fee, which may be greater than an hourly fee. The specter of large attorneys' fees awards may serve as additional incentive to the insurance company to respond promptly and diligently to its insured's claims.

i. Furthermore, the denial and/or wrongful delay to provide Plaintiff with insurance benefits by Defendant Insurer was apparently part of a common plan, routine, scheme and design calculated to deny insurance benefits to policyholders. Exemplary damages should be awarded in order to punish Defendant Insurer and to set an example and thereby prevent other policyholders from being treated in this manner. Accordingly, Plaintiff seeks exemplary damages in an amount the jury deems appropriate.

## VIII. AFFIRMATIVE DEFENSES

57. **Waiver.** Defendant Insurer wavied certain policy conditions, duties imposed on

Plaintiff and terms of coverage of the insurance policy at issue.

58. **_Contra Proferentem._** Defendant Insurer's contract is unilateral and in the event of ambiguity must be held against the drafter.

### IX. JURY DEMAND

59. Plaintiff respectfully demands a trial by jury and will remit such fee.

> Respectfully submitted,
>
> */s/ Eric B. Dick*____
> Eric B. Dick, LL.M.
> TBN: 24064316
> FIN: 1082959
> DICK LAW FIRM, PLLC
> 3701 Brookwoods Dr.
> Houston, TX 77092-8317
> (844) 447-3234 Office
> eric@dicklawfirm.com
> **ATTORNEY-IN-CHARGE FOR PLAINTIFF**
> **SMILEY TEAM II, INC.**

### CERTIFICATE OF SERVICE

I certify I served a true and correct copy of the above on parties of record per Federal Rules of Civil Procedure. This service was made in a manner appropriate per Federal Rules of Civil Procedure.

SIGNED June 4, 2021.

*/s/ Eric B. Dick*____
Eric B. Dick, LL.M.
TBN: 24064316
FIN: 1082959
DICK LAW FIRM, PLLC
3701 Brookwoods Dr.
Houston, TX 77092-8317
(844) 447-3234 Office
eric@dicklawfirm.com
**ATTORNEY-IN-CHARGE FOR PLAINTIFF**
**SMILEY TEAM II, INC.**