United States District Court
Southern District of Texas
**ENTERED**
November 09, 2021
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| SMILEY TEAM II, INC., | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 3:21-cv-00103 |
| | § | |
| GENERAL STAR INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION

Pending before me is Defendant General Star Indemnity Company's Motion for Partial Dismissal ("Motion for Partial Dismissal"). Dkt. 12. Having reviewed the briefing, the record, and the applicable law, I recommend that the Motion for Partial Dismissal be **GRANTED**.

## BACKGROUND

The live pleading in this case is the First Amended Complaint. In that pleading, Plaintiff Smiley Team II, Inc. ("Smiley Team") alleges it purchased commercial property insurance from General Star Indemnity Company ("General Star"). On September 14, 2017, a vehicle reportedly crashed into Smiley Team's building located in Hitchcock, Texas. Smiley Team subsequently filed an insurance claim but complains in this lawsuit that General Star failed to properly adjust the claim, issuing a payment that substantially undervalued the damages Smiley Team sustained.

The First Amended Complaint asserts a laundry list of causes of action: breach of contract, violations of the Texas Deceptive Trade Practices Act ("DTPA"), violations of the Texas Insurance Code, breach of the duty of good faith and fair dealing, fraud, and conspiracy based on General Star's handling of the insurance

claim. In its Motion for Partial Dismissal, General Star only asks me to dismiss Smiley Team's claims for fraud and violations of the DTPA.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides that a district court must dismiss a complaint that fails to state a claim upon which relief can be granted. *See* FED. R. CIV. P. 12(b)(6). This rule is read in conjunction with the pleading standard set forth in Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). To survive dismissal at this early stage, the complaint must state enough facts such that the claim to relief is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the plaintiff pleads enough facts to allow the district court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a complaint does not need "detailed factual allegations" to survive a Rule 12(b)(6) motion to dismiss, a plaintiff must provide more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. In deciding a Rule 12(b)(6) motion, I must accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *See Alexander v. AmeriPro Funding, Inc.*, 848 F.3d 698, 701 (5th Cir. 2017).

## ANALYSIS

**A.   FRAUD**

Fraud allegations bear a heightened pleading standard: a party must state with particularity the circumstances constituting fraud. *See* FED. R. CIV. P. 9(b). This means that the party alleging fraud must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997). In short, Rule 9(b) requires that a complaint detail "the who, what, when, and where before access to the discovery process is

granted." *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000) (cleaned up). The Fifth Circuit has mandated that Rule 9(b)'s heightened-pleading standard be applied with "bite" and "without apology." *Williams*, 112 F.3d at 178.

In support of its fraud claim, Smiley Team alleges the following:

> 49. Defendant Insurer knowingly and with reckless disregard for the Plaintiff in the course of handling of this subject claim made false statements, misrepresented material facts and engaged in actions and/or omissions for the purpose of misleading Plaintiff as to the actual damages resulting from the peril and Plaintiff having relied upon such fraudulent conduct, has been injured. Specifically, the parties agree Plaintiff suffered a covered loss, yet Defendant Insurer insists that Plaintiff's damages are significantly less than what Plaintiff's contractors have quoted for all necessary repairs.
>
> 50. Defendant Insurer knowingly and with the reckless disregard for the Plaintiff in the course of handling of this subject claim made false statements, misrepresented material facts and engaged in actions and/or omissions for the purpose of misleading Plaintiff as to the rights, duties and insurance benefits in the subject contract for insurance and Plaintiff having relied upon such fraudulent conduct, has been injured. Specifically, Defendant Insurer's adjuster conducted an unreasonable investigation and refused to acknowledge the extent or amount of damage as presented by Plaintiff or his contractors. Instead, Defendant Insurer insisted that Plaintiff's damages are significantly less than what Plaintiff's contractors have quoted for all necessary repairs.

Dkt. 10 at 13–14.

These allegations do not come close to satisfying Rule 9(b)'s pleading requirements. The purpose of Rule 9(b)'s particularity requirement is to "alert[] defendants to the precise misconduct with which they are charged and protect[] defendants against spurious charges of immoral and fraudulent behavior." *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001) (quotation omitted). Although Rule 9(b) demands specificity as to the exact misrepresentations at issue, the First Amended Complaint fails to inform the Court as to what the misrepresentations were, when they occurred, who made them, or how General

Star allegedly distorted material facts. After reading the above-referenced paragraphs, all I am able to discern is that there appears to be a dispute over the scope of insurance coverage available to Smiley Team. No matter how hard I try, I am unable to ascertain the substance of any alleged false statements made by General Star's employees or representatives.

In claiming that the operative complaint passes Rule 9(b) scrutiny, Smiley Team points to allegations that General Star "conducted an unreasonable investigation," "refused to acknowledge the extent or amount of damage as presented by Plaintiff or his contractors," and "insisted that Plaintiff's damages are significantly less than what Plaintiff's contractors have quoted." Dkt. 10 at 13–14. These statements are wholly insufficient to meet the stringent requirements of Rule 9(b), as they do not describe any misrepresentation of fact.

In sum, the vague and generalized allegations of fraud contained in the First Amended Complaint fall well short of Rule 9(b)'s pleading requirements. *See Williams,* 112 F.3d at 179 ("These vague pleadings illustrate the practical basis for the requirement that a plaintiff point to specific statements made by the defendants."). By failing to identify "the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby," the First Amended Complaint's fraud claim fails to reach first base safely. *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.,* 975 F.2d 1134, 1139 (5th Cir. 1992) (quotation omitted). The fraud claim should be dismissed.

**B.      DTPA**

The First Amended Complaint's DTPA claim involves allegations that General Star violated the DTPA by violating Chapter 541 of the Texas Insurance Code. The DTPA's "tie-in provision" makes a violation of Chapter 541 of the Texas Insurance Code a violation of the DTPA. *See* TEX. BUS. & COMM. CODE § 17.50(a)(4). The live pleading also asserts that General Star violated several of the DTPA's "laundry list" items.

As far as the alleged Insurance Code violations are concerned, the First Amended Complaint contains a couple of pages identifying specific sections of the Texas Insurance Code and then claiming, without any supporting detail, that General Star has violated those provisions. The alleged conduct that violated the Texas Insurance Code included "misrepresenting to Plaintiff material facts on the coverage at issue," "failing to attempt in good faith to effectuate a prompt, fair and equitable settlement of the claims," and "failing within a reasonable time to affirm or deny coverage." Dkt. 10 at 6.

"To state claims for misrepresentation or fraud in violation of the Texas Insurance Code, Plaintiffs must meet the 'who, what, when, where, and how' requirements of Federal Rule of Civil Procedure 9(b)." *Martin Res. Mgmt. Corp. v. Fed. Ins. Co.*, No. 20-40571, 2021 WL 4269565, at *5 (5th Cir. Sept. 20, 2021). As was the case with the lawsuit's fraud allegations, Smiley Team's Insurance Code claims based on misrepresentations (a basis for its DTPA cause of action) do not meet Rule 9(b)'s heightened-pleading requirements. At its most basic level, Smiley Team fails to identify any specific statement made by General Star that was false or misleading, much less identify the alleged speaker or allege when and where the false statements were made. These basic pleading inadequacies sound the death knell for the Texas Insurance Code claims (and DTPA claims) predicated on misrepresentations.

To the extent any of Smiley Team's DTPA claims are not based on alleged material misrepresentations, but instead challenge conduct that is loosely described as "unconscionable," Rule 9(b) would not apply. *See Ranzy v. Extra Cash of Tex., Inc.*, No. H-09-3334, 2011 WL 6719881, at *5 (S.D. Tex. Dec. 21, 2011) ("There are cases that have applied Rule 9(b)'s heightened specificity requirements to claims under the DTPA, but in those cases the underlying claims involved fraud."). Nonetheless, the First Amended Complaint's non-fraud-related DTPA claims still fail under the more relaxed Rule 8(a) standard. It is insufficient to simply parrot language from the DTPA (or, for that matter, the Texas Insurance

5

Code) and conclusory state that there is a statutory violation. *See Twombly*, 550 U.S. at 555 (a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"). But that is exactly what Smiley Team has done. Smiley Team asserts that General Star violated the DTPA by:

 a. Causing confusion or misunderstanding as to the source, sponsorship, approval or certification of goods or services;
 b. Representing the goods or services have sponsorship, approval, characteristics, benefits or qualities which they do not have;
 c. Advertising goods or services with intent not to sell them as advertised;
 d. Representing an agreement confers or involves rights, remedies or obligations which it does not have;
 e. Failing to disclose information concerning goods or services which was known at the time of the transaction and such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed; and
 f. Engaging in an unconscionable course of conduct.

Dkt. 10 at 8–9.

These alleged DTPA violations consist of nothing more than Smiley Team taking the DTPA's statutory text and pasting it into the First Amended Complaint. Nowhere in the live pleading does Smiley Team offer any factual support for these generalized allegations. Not surprisingly, it is well-settled that conclusory allegations that simply "track the language of the statute itself are insufficient" to state a claim upon which relief can be granted. *Adhikari v. Daoud & Partners*, 697 F. Supp. 2d 674, 684 (S.D. Tex. 2009). *See also Shiana Corp. v. Depositors Ins. Co.*, No. EP-18-CV-188-DB, 2019 WL 96586, at *4–5 (W.D. Tex. Jan. 2, 2019) (assertions that merely repeat "the [DTPA] statutory language" are insufficient to "survive a Rule 12(b)(6) motion to dismiss for failure to state a claim because the facts pleaded do not allow the Court to infer that the claims against [the defendant]

6

are plausible"); *Jacinto Med. Ctr., LP v. Nationwide Mut. Ins. Co.*, No. CV H-10-3660, 2011 WL 13249834, at *3 (S.D. Tex. 2011) ("[Plaintiff's allegations] are merely restatements of the Texas Insurance Code provisions. The facts alleged elsewhere in the complaint add no flesh to these statutory bones."). Because Smiley Team's DTPA allegations are conclusory and devoid of any factual support, they cannot survive a Rule 12(b)(6) challenge.

## CONCLUSION

For the reasons identified above, I recommend that Defendant General Star Indemnity Company's Motion for Partial Dismissal (Dkt. 12.) be **GRANTED**, and that Smiley Team's fraud and DTPA claims be dismissed.

The Clerk shall provide copies of this Memorandum and Recommendation to the respective parties who have fourteen days from receipt to file written objections under Federal Rule of Civil Procedure 72(b) and General Order 2002–13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

SIGNED this 9th day of November 2021.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE