UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| **SMILEY TEAM II, INC.** <br> Plaintiff | § <br> § <br> § | |
| v. | § <br> § | CIVIL ACTION NO. 3:21-cv-00103 |
| **GENERAL STAR INSURANCE COMPANY** <br> Defendant | § <br> § <br> § <br> § | |

**PLAINTIFF'S AMENDED RESPONSE TO DEFENDANT'S SUMMARY JUDGMENT MOTION**

TO THE HONORABLE COURT:

Plaintiff Smiley Team II, Inc. files this Response to Defendant General Star Insurance Company's Summary Judgment Motion and shows:

**I. INTRODUCTION**

1. Defendant General Star Insurance Company ("Defendant Insurer") issued Plaintiff Smiley Team II, Inc. ("Plaintiff") an insurance policy ("Defendant Insurer's Policy") providing Plaintiff coverage for Plaintiff's business property ("the Property") located at 7425 Highway 6, Hitchcock, TX 7756-3535. A car collided with the Property resulting in multiple damages to the Property including the roof on or about September 14, 2017. Defendant Insurer approved Plaintiff's claim in part, denied Plaintiff's claim as to roof damages which Defendant Insurer considered pre-existing damages not covered under Defendant Insurer's Policy and issued payment to Plaintiff for $33,337.23 for covered damages.

2. Defendant Insurer claims, "the evidence unquestionably shows…additional damage [Plaintiff] now claim[s] was not caused by the September 14, 2017 [event] and there is no evidence…the [event] caused damage to Plaintiff's property in excess of…prior payments made

by Defendant [Insurer]…" thus entitling Defendant Insurer to summary judgment. Yet, Defendant Insurer is not entitled to summary judgment on Plaintiff's breach of contract claim. This is because the evidence does not unquestionably show Plaintiff's damages were not caused by the September 14, 2017 event. Further, Plaintiff provides evidence in the form of Plaintiff's Expert's reports and affidavits which clearly shows the September 14, 2017 event caused damage to the Property in excess of prior payments Defendant Insurer made. Accordingly, Defendant Insurer is not entitled to summary judgment on Plaintiff's breach of contract claim because a material fact issue exists on whether the September 14, 2017 event caused Plaintiff's damages. Therefore, Plaintiff can recover on Plaintiff's breach of contract claim. Plaintiff may also recover on Plaintiff's extra-contractual claims because Plaintiff can recover on Plaintiff's breach of contract claim.

3. Accordingly, Plaintiff files this response to Defendant Insurer's summary judgment motion asserting the Court should deny Defendant Insurer's summary judgment motion and Plaintiff's claims should proceed to a trial on the merits because material fact questions remain making summary judgment improper.

## II. FACTS

4. Plaintiff filed suit in the 212th District Court of Galveston County, Texas March 10, 2021. Defendant Insurer removed the action to this Court under diversity jurisdiction. Plaintiff filed Plaintiff's First Amended Complaint alleging causes of breach of contract, Texas Insurance Code violations for unfair settlement practices, Texas Insurance Code violations for failure to promptly pay claims, Texas Deceptive Trade Practices Act ("DTPA") violations, breach of the duty of good faith and fair dealing, fraud and conspiracy to commit illegal acts June 4, 2021.

5. Defendant Insurer filed its Motion for Partial Dismissal of Plaintiff's common law fraud and DTPA violations causes June 17, 2021. Plaintiff filed Plaintiff's Response to Defendant

Insurer's Motion for Partial Dismissal July 8, 2021. Defendant Insurer filed its Reply in Support of its Motion for Partial Dismissal July 15, 2021.

6. Magistrate Judge Edison granted Defendant Insurer's Motion for Partial Dismissal and dismissed Plaintiff's common law fraud and DTPA violations claims against Defendant Insurer which this Court adopted December 16, 2021.

### III. EVIDENCE IN SUPPORT OF DENYING SUMMARY JUDGMENT

7. Plaintiff attaches and fully incorporates herein the following Exhibit in support of Plaintiff's response and denying summary judgment:

   a. Exhibit A - Affidavit and Report of Estimator Richard Gadrow.

### IV. ARGUMENTS AND AUTHORITIES

**A. Summary Judgment Standard**

8. Although Summary judgment is proper in a case where no genuine material fact dispute presents, this case is not a case in which the Court should grant summary judgment.[1]

9. A defendant moving for summary judgment on a plaintiff's claim must demonstrate absence of a genuine material fact dispute by either (1) submitting summary-judgment evidence negating the existence of a material element of the plaintiff's claim or (2) showing there is no evidence to support an essential element of the plaintiff's claim.[2] Defendant cannot rely on conclusory statements to establish Plaintiff has not presented evidence on an essential element of Plaintiff's claim. Rather, Defendant must demonstrate the absence of a genuine factual dispute.[3] Only if Defendant meets Defendant's burden is Plaintiff required to respond by summary-

---

[1] *See* FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).
[2] *J. Geils Band Emp. Benefit Plan v. Smith Barney Shearson, Inc.*, 76 F.3d 1245, 1251 (1st Cir. 1996); *see Celotex Corp.*, 477 U.S. at 322-23.
[3] *See Celotex Corp.*, 477 U.S. at 324-25.

judgment proof to show a genuine dispute of material fact.[4]

10. A court must consider all evidence in the light most favorable to Plaintiff as the nonmovant in determining whether there is a genuine material fact dispute that prevents summary judgment.[5] The court must also resolve all reasonable doubts about the facts in favor of Plaintiff as the nonmovant.[6]

**B. Plaintiff's evidence shows material fact issues exist on whether Defendant Insurer breached the insurance contract.**

**1. Damages**

11. This entire dispute concerns whether there is coverage for Plaintiff's damages. Damages determine coverage.

12. Defendant Insurer breached its contract with Plaintiff by failing to pay due amounts owed under Defendant Insurer's Policy terms when a car collided with Plaintiff's business property causing the property damages. It is undisputed Defendant Insurer's Policy covered Plaintiff's home for all perils including damages caused by a car colliding with Plaintiff's business property. Defendant Insurer must pay Plaintiff's valid claim because Defendant Insurer's Policy covered Plaintiff's home for a covered occurrence. Defendant Insurer asserts it is excused from paying the claim alleging Plaintiff cannot establish a claim for breach of contract.

13. Elements of a breach of contract cause of action include "(1) existence of a valid contract between plaintiff and defendant, (2) plaintiff's performance or tender of performance, (3) defendant's breach of the contract and (4) plaintiff's damage as a result of defendant's breach." *Prime Products, Inc. v. S.S.I. Plastics, Inc.*, 97 S.W.3d 631, 636 (Tex. App.— Houston [1st Dist.] 2002, pet. denied). Defendant Insurer argues Defendant Insurer's Policy does not cover Plaintiff's

---

[4] *See* FED. R. CIV. P. 56(e)(3).
[5] *Garcia v. Pueblo Country Club*, 299 F.3d 1233, 1236-37 (10th Cir. 2002).
[6] *Cooper Tire & Rubber Co. v. Farese*, 423 F.3d 446, 455-56 (5th Cir. 2005).

damages as to the roof of Plaintiff's business property because Defendant Insurer considers the roof damage pre-existing. Specifically, Defendant Insurer claims in its summary judgment motion "it is undisputed, however, that damage to the roof of the property existed prior to the date of loss at issue and is wholly unrelated to the incident made the basis of this claim."[7] Defendant Insurer is incorrect because not all damage to the roof of the Property existed prior to the date of loss at issue and that damage is wholly related to the incident made the basis of this claim. Specifically, Plaintiff's Expert Estimator, Richard A. Gadrow reported, "I estimate the car colliding with the Property September 14, 2017 only and no pre-existing event or its damages caused all damages identified in my estimate, including damages to the roof, front elevation, main store and general damages which in turn required general demolition, drywall, framing & rough carpentry, glass, glazing and storefronts, labor masonry, metal structures and components, ornamental iron, painting and roofing totaling $94,103.22."[8] Additionally, Defendant Insurer did not pay the near $10,000.00 short excluding the roof.

14. Defendant Insurer also claims, "as Plaintiff has not provided (and cannot provide) competent summary judgment evidence to dispute the applicability of these exclusions to the claimed roof damage, summary judgment should be granted on its breach of contract claim relating to such alleged roof damage, in the amount of $51,538.87."[9] Even if Defendant Insurer were somehow correct, that only excludes the roof as Defendant Insurer did not pay all of everything else.

15. Defendant Insurer further claims, "summary judgment on the remaining contractual claim for $8,227.21 should also be granted as a matter of law, as Plaintiff has failed to support that

---

[7] *See* Defendant Insurer's summary judgment motion.
[8] *See* Exhibit A - Affidavit and Report of Estimator Richard Gadrow, attached.
[9] *See* Defendant Insurer's summary judgment motion.

the additional claimed damages are covered under the Policy."[10] What Defendant Insurer forgets here is damages caused by vehicle impact are 100% covered under Defendant Insurer's Policy. So, Plaintiff in fact has indeed supported that the additional claimed damages are covered under Defendant Insurer's Policy.

16.     In addition, Defendant Insurer claims Plaintiff did not segregate Plaintiff's damages which is fatal to Plaintiff's claim. Yet, Mr. Gadrow was crystal clear in his estimate report that 100% of the damages Mr. Gadrow estimated were caused by the vehicle collision into the Property of September 14, 2017 and thereby Plaintiff's damages were segregated. Specifically, Mr. Gadrow stated, "I estimate the car colliding with the Property September 14, 2017 only and no pre-existing event or its damages caused all damages identified in my estimate, including damages to the roof, front elevation, main store and general damages which in turn required general demolition, drywall, framing & rough carpentry, glass, glazing and storefronts, labor masonry, metal structures and components, ornamental iron, painting and roofing totaling $94,103.22."[11]

17.     Defendant Insurer's refusal to pay due amounts owed under Defendant Insurer's Policy clearly creates a material fact question for the Court to decide. The Court should therefore deny summary judgment.

18.     Accordingly, summary judgment is inappropriate here because material fact issues present. Therefore, this Court should deny Defendant Insurer's summary judgment motion and the case should proceed to a trial on the merits.

**a. Plaintiff's Expert Estimator estimated Plaintiff's business property sustained extensive covered damages a car colliding with the Property caused amounting to $94,103.22.**

22.     Estimators are charged with showing all damages resulting from the damaging

---

[10] *See* Defendant Insurer's summary judgment motion.
[11] *See* Exhibit A - Affidavit and Report of Estimator Richard Gadrow, attached.

event.

23. Plaintiff's Expert Estimator, Richard Gadrow, found Plaintiff's property suffered covered damages to "roof, front elevation, main store and general damages which in turn required general demolition, drywall, framing & rough carpentry, glass, glazing and storefronts, labor masonry, metal structures and components, ornamental iron, painting and roofing totaling $94,103.22…" in covered damages.[12]

24. Plaintiff suffered extensive covered damages indeed for which Defendant Insurer is required to pay full amount damages under Defendant Insurer's Policy. Accordingly, summary judgment is inappropriate here because material fact issues present on whether covered damages occurred. Therefore, this Court should deny Defendant Insurer's summary judgment motion and the case should proceed to a trial on the merits.

**C. Plaintiff's evidence presents a material fact question on whether Plaintiff's extra-contractual claims are viable.**

25. All of Plaintiff's extra-contractual claims should remain viable because Plaintiff's breach of contract claim should remain viable. Plaintiff provided evidence of Defendant Insurer's breach of contract as discussed above. Moreover, Defendant Insurer incorrectly asserts Plaintiff failed to show Defendant Insurer violated any of the alleged extra-contractual claims. This is patently untrue and Defendant Insurer's arguments must fail for reasons below.

26. Further, Defendant Insurer's allegation is conclusory and insupportable. Summary judgment is inappropriate here. Therefore, the Court should deny Defendant Insurer's summary judgment motion and Plaintiff's case should proceed to a trial on the merits.

**D. Plaintiff's evidence indicates a material fact question presents on whether Defendant Insurer violated Texas Insurance Code Chapters 541 and 542 and DTPA.**

---

[12] *See* Exhibit A - Affidavit and Report of Estimator Richard Gadrow, attached.

**1. Plaintiff's evidence shows a material fact issue exists on whether Defendant Insurer violated Texas Insurance Code § 541.**

27. Defendant Insurer contends Plaintiff has no evidence that Defendant Insurer violated Insurance Code Chapters 541 and 542. This is untrue because Defendant Insurer violated numerous Insurance Code provisions.

28. The Supreme Court of Texas adopted the statutory language in Texas Insurance Code § 541.060 in place of the common-law standard but only as to an insurer's unreasonable denial of a claim or delay of a payment. The Supreme Court of Texas merely recognized a common-law duty of good faith and fair dealing violation constitutes an unfair insurance practice in violation of DTPA. In other words, Defendant Insurer must do more than simply negate its liability under the common law bad faith standard to obtain summary judgment on Plaintiff's remaining claims under the Insurance Code and DTPA.

29. A material fact question exists on whether Defendant Insurer violated Texas Insurance Code Chapters 541 and 542 provisions by engaging in Unfair Settlement Practices including the following without limitation as discussed above:

   a. Defendant Insurer misrepresented a material fact or policy provision relating to coverage at issue in violation of § 541.060(a)(1). Most importantly, Defendant Insurer's adjuster blatantly ignored evidence Plaintiff presented in support of Plaintiff's claim. This evidence shows there are fact issues as to whether Defendant Insurer originally conducted an accurate or outcome-oriented evaluation of Plaintiff's loss.

   b. There is evidence of Defendant Insurer's failure to explain to Plaintiff the reasons for refusal to pay for clearly covered damages. There is evidence that Defendant Insurer's claims handling was wrongful. In fact, Defendant Insurer

still refuses to pay under Defendant Insurer's Policy's plain terms despite Plaintiff's full cooperation with Defendant Insurer's investigation. Defendant Insurer's wrongful acts are all actionable under Texas Insurance Code Chapter 541.

c. Evidence exists which creates a material fact issue on whether Defendant Insurer failed to provide Plaintiff with a timely indication of acceptance or rejection, regarding the full and entire claim, or an explanation of the loss as assessed.

d. The minimally disclosed documents reveal Defendant Insurer's complete lack of effort made to assist Plaintiff with presenting Plaintiff's claim. Moreover, Defendant Insurer failed to timely compensate Plaintiff for Plaintiff's covered losses under Defendant Insurer's Policy. Thus, valid causes of action exist for holding Defendant Insurer liable for failing to comply with these statutory obligations. At bottom, Defendant Insurer conducted an outcome-oriented investigation of Plaintiff's loss, in violation of an insurer's duty to reasonably investigate each claim to determine coverage for an insured's damages.

e. A fact issue exists on Defendant Insurer's refusal to fully compensate Plaintiff under Defendant Insurer's Policy terms and failure to conduct a reasonable investigation on Plaintiff's § 541.060(a)(7) violation claim. Specifically, Defendant Insurer performed an outcome-oriented investigation of Plaintiff's claim in order to disclaim coverage and delay payment and ultimately engage in a biased, unfair and inequitable evaluation of Plaintiff's loss. There is a clear discrepancy in the evidence Plaintiff provided Defendant Insurer on its original

adjustment of Plaintiff's claim, the appraisal award and Defendant Insurer's mere reliance its initial biased and unreasonable investigation results will not excuse its statutory bad faith liability.

f. Defendant Insurer's actions also unquestionably compelled Plaintiff to institute this suit to recover amounts due under Defendant Insurer's Policy.

36. Plaintiff can show Defendant Insurer's acts and omissions were a substantial factor in bringing about Plaintiff's damages. Defendant Insurer denied Plaintiff the benefits under the insurance contract for which Plaintiff diligently paid premiums for years directly resulting from Defendant Insurer's delays, refusal to pay benefits under Defendant Insurer's Policy, manipulation of Defendant Insurer's Policy language and inadequate and inaccurate investigation. As such, there is an unbroken causal connection between Defendant Insurer's wrongdoings and Plaintiff's injuries and causes of action.

37. The Court should deny Defendant Insurer's motion on Plaintiff's Chapter 541 violations and bad faith claims given Plaintiff provided evidence of Defendant Insurer's Texas Insurance Code violations.

## 2. Plaintiff's evidence shows there is a material fact issue on whether Defendant Insurer violated Texas Insurance Code § 542.

38. The Texas Legislature enacted clear timelines for the acknowledgment, investigation, adjustment and payment of claims, clarifying its intent to place the duty upon the insurer to promptly investigate claims and pay covered losses under the Prompt Payment of Claims Act ("PPCA"). An insurer's failure to meet the clear timelines for the acknowledgement, adjusting and payment of claims provides an additional civil penalty of 18% per year on any claim for which the insurer is liable by legislative mandate. The Legislature also clarified the policy behind PPCA indicating PPCA is to be "liberally construed to promote the prompt payment of insurance claims."

39. PPCA late payment penalties apply even if the insurer denies all payment and is later judicially determined to owe benefits. The reason the insurer fails to timely pay is irrelevant as the statutory penalties and attorneys' fees remedy apply independent of whether bad faith is shown. Even if the insurer neither denies nor underpays the claim in bad faith and regardless of why it failed to pay within the legislative mandated deadlines under PPCA, it still owes delay penalties and attorneys' fees if it is ultimately shown to have not fully paid the claim in a timely manner.

40. The Texas Legislature clarified a late payment is *de facto* a late payment and the insurer owes the insured the penalty absent a statutory excuse. The legislature also clarified an insurer who breaches these duties is liable for the insured's attorneys' fees to obtain its coverage benefits. These are provided under the Insurance Code for PPCA claims (TEX. INS. CODE § 542.060) and as an additional statutory remedy for breach of contract in general (TEX. CIV. PRAC. & REM. CODE §38.001, *et. seq.*).

41. Here, the Court should deny Defendant Insurer's motion on Plaintiff's breach of contract claim. The Court should also deny Defendant Insurer's motion on Plaintiff's claims of Defendant Insurer's Chapter 542 violations because Defendant Insurer may still be found to owe benefits under Plaintiff's claim for breaching the insurance contract. More importantly, Plaintiff provided sufficient evidence that Defendant Insurer is liable for the claim as outlined above.

**F. Plaintiff shows a material fact issue exists on whether Defendant Insurer violated DTPA.**

42. Defendant Insurer contends Plaintiff has no evidence that Defendant Insurer violated DTPA. This is untrue because there is evidence upon which a jury could find Defendant Insurer violated DTPA.

43. A fact issue remains as to Plaintiff's DTPA claims based upon the analysis above

and incorporated herein. Importantly, Defendant Insurer made misrepresentations to Plaintiffs on which Plaintiff relied and Plaintiff suffered injury in the form of monetary damages. Defendant Insurer is liable for Defendant Insurer's negligent misrepresentations which are actionable under DTPA under the preceding analysis. Further, the Supreme Court of Texas held an insured may prove a DTPA cause of action by establishing its insurer engaged in an unfair settlement practice as Texas Insurance Code defines.[13]

44.   In *Vail*, the insurer argued damages recoverable under an insurance policy represented breach of contract damages and did not constitute actual damages for purposes of an unfair claims settlement practices claim.[14] However, the Supreme Court of Texas held an insurer's unfair refusal to pay the insured's claim causes damages as a matter of law in at least the amount of policy benefits wrongfully withheld.[15] The Supreme Court of Texas later explained its *Vail* holding by stating the policy benefits wrongfully withheld were indeed actual damages under DTPA and Insurance Code.[16] Likewise, Defendant Insurer's Policy benefits Defendant Insurer wrongfully withheld constituted actual damages to Plaintiff under the Texas Insurance Code.

45.   Evidence shows Defendant Insurer violated DTPA applying the same analysis of Plaintiff's Texas Insurance Code Chapter 541 violations claim *supra*. It is improper to retain an expert in order to create and support an argument against the insured in order to manufacture a basis to delay or deny a valid claim. Defendant Insurer's conduct provides further weight to Plaintiff's allegations that Defendant Insurer engaged in unconscionable conduct in handling Plaintiff's claim and violated Texas Insurance Code provisions - which are both actionable under

---

[13] *Vail v. Texas Farm Bureau Mutual Ins. Co.*, 754 S.W.2d 129, 136 (Tex. 1988). (Chapter 541, formerly Article 21.21-2, section 2(d) provided that an insurer committed an unfair claims settlement practice by "[n]ot attempting in good faith to effectuate prompt, fair, and equitable settlements of claims submitted in which liability has become reasonably clear.")
[14] *Id.*
[15] *Id.*
[16] *See Twin City Fire Ins. Co. v. Davis*, 904 S.W.2d 663, 666 (Tex. 1995).

DTPA. A fact issue exists here and the Court should deny summary judgment on Plaintiff's causes under same because Plaintiff has ample evidence of Defendant Insurer's DTPA violations.

46. Further, Defendant Insurer's allegation is conclusory and insupportable. Thus, summary judgment is inappropriate here. Therefore, the Court should deny summary judgment.

**G. Plaintiff's evidence shows a material fact issue exists on whether Defendant Insurer committed fraud and conspiracy.**

47. Material fact issues exist on whether Defendant Insurer is liable for fraud and conspiracy. Defendant Insurer's motion summarily addresses these causes in the same vein it addressed Plaintiff's other extra-contractual claims. Of note, Defendant Insurer repeatedly informed Plaintiff the Plaintiff had covered damages under Defendant Insurer's Policy. Defendant Insurer knew or should have known Plaintiff would rely upon Defendant Insurer's representations on coverage and amount of loss. A car colliding into Plaintiff's business property September 14, 2017 and nothing else damaged Plaintiff's dwelling, which the parties agree is a covered loss under Defendant Insurer's Policy terms. Consequently, there exists a material fact issue on whether Defendant Insurer knowingly made a false, material representation upon which Plaintiff was intended to rely and Plaintiff actually relied and suffered injury. The Court should deny Defendant Insurer's motion in this regard.

48. Defendant Insurer conspired with its agents and adjusters to commit illegal acts by conspiring to sell policies and wrongfully underpay claims in order to increase its own profits. Defendant Insurer knows a tiny percentage of policyholders will actually seek further relief upon denial. Defendant Insurer strives to increase profits at policyholder expense. To the point, Plaintiff's experience is not an isolated case. Defendant Insurer's acts and omissions committed in this case, or similar acts and omissions, occur so frequent as to constitute a general business practice of Defendant Insurer in handling such claims. Defendant Insurer's entire process is

unfairly designed to reach favorable outcomes for Defendant Insurer at policyholder expense.

## V. CONCLUSION AND PRAYER

49.     The Court should deny Defendant Insurer's summary judgment motion because Plaintiff's contentions above raise material fact issues. Specifically, Plaintiff provided sufficient evidence to show Defendant Insurer's Policy covered Plaintiff's loss because Plaintiff has shown the damages for Plaintiff's claim were not pre-existing but 100% caused by a car colliding into Plaintiff's business property and nothing else at the time of the loss. The Supreme Court of Texas clarified courts shall not grant summary judgment when a material fact issue exists.[17] Plaintiff asks this Court to follow precedent and deny Defendant Insurer's summary judgment motion.

Respectfully submitted,

*[signature]*

Eric B. Dick, LL.M.
TBN: 24064316
FIN: 1082959
DICK LAW FIRM, PLLC
3701 Brookwoods Dr.
Houston, TX 77092-8317
(844) 447-3234 Office
eric@dicklawfirm.com
**ATTORNEY-IN-CHARGE FOR
PLAINTIFF SMILEY TEAM II, INC.**

## CERTIFICATE OF SERVICE

---

[17] *Randall's Food Market, Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex. 1995).

I hereby certify I electronically filed the foregoing with the Clerk of Court via the CM/EFC system which will send record parties a notice of electronic filing August 19, 2022.

Signed August 19, 2022

*/s/ Eric Dick*

Eric B. Dick, LL.M.
TBN: 24064316
FIN: 1082959
DICK LAW FIRM, PLLC
3701 Brookwoods Dr.
Houston, TX 77092-8317
(844) 447-3234 Office
eric@dicklawfirm.com
**ATTORNEY-IN-CHARGE FOR
PLAINTIFF SMILEY TEAM II, INC.**