IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| SMILEY TEAM II, INC., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | |
| | § | CIVIL ACTION NO. 3:21-cv-00103 |
| GENERAL STAR INSURANCE COMPANY, | § | |
| | § | |
| *Defendant.* | § | |

**DEFENDANT'S MOTION FOR SANCTIONS**

Defendant General Star Indemnity Company[1] ("Defendant" or "General Star") files this Motion for Sanctions and respectfully states as follows:

## I.  INTRODUCTION

Counsel for Plaintiff ("Counsel") has unreasonably and vexatiously multiplied this case's proceedings by pursuing meritless claims through their post-judgment motions and reckless disregard of their duty to this Court. Beyond the fact that Counsel's briefings throughout this litigation presented incomprehensible theories of relief, Counsel's post-judgment motions are simply abusive tactics to pursue baseless claims that lack any evidence in support. Counsel's meritless and vexatious litigation tactics since the entry of

---

[1] Plaintiff's First Amended Complaint incorrectly names defendant as General Star Insurance Company.

1

this Court's Final Judgment warrant the attention of this Court and an appropriate sanction under 28 U.S.C. § 1927.

## II.  PROCEDURAL POSTURE

Plaintiff filed suit on March 10, 2021, in the 212th District Court of Galveston County, Texas.[2] The action was subsequently removed to this Court based on diversity jurisdiction.[3] On May 14, 2021, Defendant filed its Answer and Motion for Partial Dismissal of Plaintiff's common law fraud and statutory misrepresentation claims.[4] On May 17, 2021, this Court allowed Plaintiff the opportunity to amend its pleadings based on Defendant's filing of its Motion for Partial Dismissal.[5] On June 4, 2021, Plaintiff filed its Amended Complaint, which, again, did not plead with particularity allegations to support its common law fraud and statutory misrepresentation claims.[6] Accordingly, on June 17, 2021, General Star filed another Motion for Partial Dismissal of Plaintiff's common law fraud and statutory misrepresentation claims.[7] Plaintiff filed its Response to General Star's Motion for Partial Dismissal on July 8, 2021.[8] On July 15, 2021, General Star filed its Reply in Support of its Motion for Partial Dismissal.[9]

On November 9, 2021, Magistrate Judge Edison issued a Memorandum and Recommendation, recommending the Court grant General Star's Motion for Partial Dismissal and dismiss Plaintiff's claims for common law fraud and violations of the Texas

---

[2]  Dkt. No. 1-1.
[3]  Dkt. No. 1.
[4]  Dkt. Nos. 5–6.
[5]  Dkt. No. 8.
[6]  Dkt. No. 10.
[7]  Dkt. No. 12.
[8]  Dkt. No. 14.
[9]  Dkt. No. 15.

Deceptive Trade Practices Act against General Star, which was adopted by this Court on December 16, 2021.[10] Plaintiff did not file any objections to Judge Edison's Memorandum and Recommendation within the fourteen days prescribed by the Federal Rules of Civil Procedure.

Litigation proceeded, and on July 29, 2022, Defendant filed its Motion for Summary Judgment seeking dismissal of Plaintiff's remaining causes of action for breach and anticipatory breach of contract, violations of the Texas Insurance Code for unfair settlement practices, violations of the Texas Insurance Code for failure to promptly pay claims, breach of the duty of good faith and fair dealing, and conspiracy to commit illegal acts.[11] Plaintiff filed its Response to Defendant's Motion for Summary Judgment on August 20, 2022.[12] Defendant filed its Reply in Support of its Motion for Summary Judgment on August 26, 2022.[13] And on October 28, 2022, this Court issued its Memorandum Opinion and Order granting Defendant's Motion for Summary Judgment in its entirety and entered its Final Judgment.[14]

On November 25, 2022, Plaintiff filed a Motion for New Trial based on "attorney error" for "missing" Judge Edison's Memorandum and Recommendations dismissing Plaintiff's common law fraud and statutory misrepresentation claims.[15] On December 15, 2022, Defendant filed its Response to Plaintiff's Motion for New Trial, in which Defendant

---

[10] Dkt. Nos. 20 and 21.
[11] Dkt. No. 29.
[12] Dkt. No. 31.
[13] Dkt. No. 32.
[14] Dkt. Nos. 39 and 40.
[15] Dkt. No. 42.

objected to Plaintiff's Motion for New Trial as a delay tactic to extend its deadline to appeal.[16] As further evidence that the Motion for New Trial was merely a delay tactic to extend its deadline to appeal, on December 26, 2022, Plaintiff filed a Motion to Deny its Motion for New Trial.[17] Notably, Plaintiff stated therein that it was asking the Court to deny the Motion for New Trial, rather than simply withdrawing the Motion, "in order to protect [its] appellate rights."[18]

### III. ARGUMENT AND AUTHORITIES

The Court has "inherent authority to impose sanctions 'in order to control the litigation before it.'" *Positive Software Solutions, Inc. v. New Century Mortg. Corp.*, 619 F.3d 458, 460 (5th Cir. 2010) (citations omitted). "In order to impose sanctions against an attorney under its inherent power, a court must make a specific finding that the attorney acted in 'bad faith.'" *Chaves v. M/V Medina Star*, 47 F.3d 153, 156 (5th Cir. 1995). Additionally, pursuant to 28 U.S.C. § 1927, a court may "sanction an attorney who unnecessarily multiplies proceedings by requiring him to pay the costs of litigation." *F.D.I.C. v. Calhoun*, 34 F.3d 1291, 1296 (5th Cir. 1994). The liability created under § 1927 is only for excessive costs due to persistent prosecution of a meritless claim. *Browning v. Kramer*, 931 F.2d 340, 344 (5th Cir. 1991). Aside from monetary sanctions, a district court "is authorized to enjoin future filings when necessary to deter vexatious filings which clog the judicial machinery with meritless litigation or are a flagrant abuse of the judicial process." *Kaminetzky v. Frost Nat'l Bank*, 881 F. Supp. 276, 278 (S.D. Tex. 1995).

---

[16] Dkt. No. 43.
[17] Dkt. No. 44.
[18] *Id.*

4

Even after a court dismisses a case, it retains authority to sanction. *See Willy v. Coastal Corp.*, 503 U.S. 131, 137, 112 S.Ct. 1076, 117 L.Ed.2d 280 (1992) (upholding a Rule 11 award following dismissal for lack of subject matter jurisdiction); *cf. Automation Support, Inc. v. Humble Design, L.L.C.*, 982 F.3d 392, 394–95 (5th Cir. 2020) (citing cases describing a district court's broad power to award attorneys' fees even when an action is no longer pending). In fact, "regardless of a court's ability to hear the merits of a suit, it possesses the power to sanction a noncompliant party that stands before it." *DTND Sierra Invs., L.L.C. v. HSBC Bank USA, N.A.*, 627 F. App'x 285, 287 (5th Cir. 2015) (citations omitted).

### A. **Counsel has engaged in unreasonable and vexatious conduct in filing redundant motions that are simply dilatory tactics to continue pursuing baseless claims and multiply these proceedings.**

Under the plain language of the statute an award of sanctions is appropriate where, as here: (1) an attorney has engaged in unreasonable and vexatious conduct, (2) the conduct has multiplied the proceedings and (3) the conduct has imposed excess costs. *See Peterson v. BMI Refractories*, 124 F.3d 1386, 1396 (11th Cir. 1997). The Fifth Circuit has interpreted this statute to permit the imposition of sanctions upon a showing of bad faith, improper motive, or reckless disregard of the duty owed to the court. *See Mercury Air Grp., Inc. v. Mansour*, 237 F.3d 542, 549 (5th Cir. 2001).

Counsel has unreasonably and vexatiously multiplied this case's proceedings by choosing to continue pursuing blatantly meritless claims through their post-judgment motions, which were simply dilatory tactics utilized to extend Plaintiff's deadline to appeal. Specifically, Counsel's November 25, 2022 Motion for New Trial urged the Court to

5

reconsider its Opinion and Final Judgment granting Defendant's Motion for Summary Judgment due to "attorney error" and vague constitutional grounds.[19] As noted in Defendant's Response thereto, which is incorporated herein by reference, the Motion was barebone and entirely unsupported.[20] As such, Counsel's Motion for New Trial was an obvious attempt to extend Plaintiff's deadline to appeal, further evidenced by Counsel's subsequent Motion to *Deny* its Motion for New Trial.[21] Counsel was fully aware that filing the Motion for New Trial – even with little to no legal or evidentiary support – would toll the deadline to appeal the Court's Final Judgment.

These post-judgment motions are unsurprising, as Counsel has engaged in such misconduct for essentially the entirety of this litigation, displaying reckless disregard of their duty to this Court in several instances. *See Mercury Air Grp., Inc. v. Mansour*, 237 F.3d 542, 549 (5th Cir. 2001) (confirming that continuing to pursue inherently baseless claims was sufficient for imposition of sanctions). For example, in Plaintiff's Motion for New Trial, Counsel contended their client was entitled to relief due to "attorney error" for failing to timely file objections to Judge Edison's Memorandum and Recommendation to dismiss Plaintiff's common law fraud and statutory misrepresentation claims, claiming that they were previously unaware of the Memorandum and Recommendation and subsequent Order.[22] However, Plaintiff's briefing on Defendant's Motion for Summary Judgment clearly proves otherwise, Counsel having specifically referenced Judge Edison's

---

[19] Dkt. No. 42.
[20] Dkt. No. 43.
[21] Dkt. No. 44.
[22] Dkt. No. 42.

Memorandum and Recommendation and subsequent dismissal of these claims in its Response thereto.[23] To claim ignorance of the dismissal of Plaintiff's common law fraud and statutory misrepresentation claims in the Motion for New Trial was disingenuous at best – and an example of Counsel's sanctionable conduct.

Moreover, Counsel's continued attempts to relitigate previously rejected arguments regarding the dismissal of Plaintiff's common law fraud and statutory misrepresentation claims – due to their own gross negligence – further evidence the type of reckless disregard of their duty to this Court. *See Religious Tech. Ctr. v. Liebreich*, 98 F. App'x 979, 984 (5th Cir. 2004) (holding that "repeatedly filed motions that . . . rehashed previously-rejected arguments" constituted "'reckless disregard' of the duty [counsel] owed to the court" and "unreasonable and vexatious" conduct "warranting § 1927 sanctions" against counsel). "Knowingly pursuing a baseless claim can be worthy of sanctions." *Roberson v. Allstate Vehicle & Prop. Ins. Co.*, No. H-19-1393, 2020 WL 4042988, at *4 (S.D. Tex. July 17, 2020) (citing *Morrison v. Walker*, 939 F.3d 633, 638 (5th Cir. 2019) (affirming an award of attorney's fees and expenses under § 1927 when the plaintiff's counsel knew that a claim was barred by judicial immunity but still filed two amended complaints before dismissing the claim)).

Counsel never had a legal basis to pursue Plaintiff's common law fraud and statutory misrepresentation claims against Defendant but continued to engage in abusive litigation tactics to obscure their own gross negligence. Further, it is important to note that this

---

23 Dkt. 30, pp. 2–3.

practice – filing unsupported motions to continue pursuit of meritless claims – is form for Counsel. For example, in *Nguyen v. Aventus Insurance Co.*, Counsel filed a motion for new trial following the trial court's dismissal of the insured's claims based on the carrier's arguments that the claims were meritless and brought in bad faith. No. 14-19-00607-CV, 2021 WL 4472479 (Tex. App. Houston [14th Dist.] Sep. 30, 2021, no pet.). In *Nguyen*, the carrier sought sanctions against Counsel because counsel pursued the lawsuit, which "had no basis in fact, that it was brought in bad faith for the improper purpose of intimidat[ion] and harass[ment]." *Id.* at *2. The trial court dismissed Plaintiff's claims and granted the carrier's Motion for Sanctions, which was affirmed by the appellate court. *Id.* at *4. In *Etienne v. State Farm Lloyds*, the Houston Court of Appeals of Texas similarly affirmed the trial court's decision to impose sanctions against Counsel for "signing and filing a pleading with no basis in fact." No. 14-18-00665-CV, 2019 WL 4266104, at *1 (Tex. App. Houston [14th Dist.] Sep. 10, 2019, no pet.).

      Similar to these cases, here, Counsel simply has no basis in fact to continue pursuing Plaintiff's claims against Defendant. To that end, Plaintiff's Response to Defendant's Motion for Summary Judgment and Counsel's post-judgment motions lack weight and evidence to support Plaintiff's incomprehensible theories for relief. *See Mercury Air Grp., Inc. v. Mansour*, 237 F.3d 542, 549 (5th Cir. 2001) (the plaintiff's counsel unreasonably and vexatiously multiplied the proceedings by pursuing a blatantly meritless claim, as shown by testimony that the purpose of the suit was to search for a viable cause of action and no evidence supported the response to the summary judgment motion). Despite a

8

complete lack of factual basis and/or evidence in support, however, Counsel continues to pursue Plaintiff's meritless claims against Defendant.

Counsel has been previously admonished for the exact type of bad faith misconduct they continue to engage in before this Court. Defendant accordingly requests that this Court impose appropriate sanctions against Counsel by enjoining all future post-judgment filings and awarding Defendant $6,249.00 for the reasonable fees and expenses incurred in addressing all meritless post-judgment filings since October 28, 2022 – the date of the Court's Order granting Defendant's Motion for Summary Judgment and issuance of the Final Judgment.

### B. Counsel's misconduct has imposed excess costs on Defendant.

Although Defendant has reason to believe that this entire litigation was meritless and brought in bad faith, Defendant does not seek fees and costs for the entire defense of this action. But upon dismissal of the lawsuit, Defendant has incurred unnecessary and excess legal fees and costs due to Counsel's post-judgment filings – filings that do not even allege a sufficient factual or legal basis. Accordingly, Defendant seeks the reasonable fees and costs associated with Counsel's post-judgment filings, which were clearly made in bad faith, and associated with the instant Motion for Sanctions:

- Fees and costs to respond to Counsel's Motion for New Trial: $2,709.00
- Fees and costs for this Motion for Sanctions: $4,936.50

Each of these amounts represents fees and expenses that would not have been incurred by Defendant but for Counsel's frivolous and vexatious conduct.

9

In the Fifth Circuit, reasonable attorneys' fees are calculated using the lodestar method. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 323–24 (5th Cir. 1995). To determine the lodestar, the court must determine the reasonable number of hours expended by the attorney and the reasonable hourly rate for the attorney. The court then multiplies the number of hours by the hourly rate. *Id*. at 324. The lodestar is intended to reflect "the prevailing market rates in the relevant community." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 551 (2010). An attorney's requested hourly rate is prima facie reasonable when he or she requests that the lodestar be computed at his or her customary billing rate, the rate is within the range of prevailing market rates, and the rate is not contested. *Kellstrom*, 50 F.3d at 328. There is a strong presumption in favor of the lodestar amount, but it may be adjusted up or down based on twelve factors set out in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974). *Saizan v. Delta Concrete Prod. Co., Inc.*, 448 F.3d 795, 800 (5th Cir. 2006). "[T]he lodestar figure includes most, if not all, of the 'relevant factors' constituting a reasonable attorney's fee." *Perdue*, 559 U.S. at 553.

Here, Defendant's counsel billed the following hours, which represent the fees incurred due to Counsel's misconduct:

- Fees and costs to respond to counsel's Motion for New Trial: $2,709.00
    - Lindsey Bruning (Counsel): 3.1 Hours (hourly rate at $315)
    - Hanna Kim (Senior Associate): 6.3 Hours (hourly rate at $275)
- Fees and costs for this Motion for Sanctions: $4,936.50
    - Lindsey Bruning (Partner): 3.8 Hours (hourly rate at $355)
    - Hanna Kim (Senior Associate): 17.7 Hours (hourly rate at $275)

As further provided in the attached Affidavit (Exhibit A), the above captioned hours reflect the reasonable time expended by Defendant's counsel and represent a reasonable hourly rate consistent with prevailing market rates in Texas.

## IV.     CONCLUSION

For these reasons stated above, Defendant General Star Indemnity Company prays that the Court grant the Motion for Sanctions against Plaintiff's Counsel for engaging in unreasonable and vexatious conduct pursuant to 28 U.S.C. § 1927 and this Court's inherent supervisory powers, and award Defendant its just damages.

Respectfully submitted,

By: */s/ Lindsey P. Bruning*
    Lindsey P. Bruning
    Texas Bar No. 24064967
    Federal ID No. 997691
    lbruning@zellelaw.com

**ZELLE LLP**
901 Main Street, Suite 4000
Dallas, Texas 75202-3975
Telephone:  (214) 742-3000
Facsimile:  (214) 760-8994

**ATTORNEY-IN-CHARGE FOR DEFENDANT GENERAL STAR INDEMNITY COMPANY**

**OF COUNSEL:**

Han N. "Hanna" Kim
Texas Bar No. 24100926
Federal ID No. 3321437
hkim@zellelaw.com

**ZELLE LLP**
901 Main Street, Suite 4000
Dallas, Texas 75202-3975
Telephone:  (214) 742-3000
Facsimile:  (214) 760-8994

### CERTIFICATE OF CONFERENCE AND COMPLIANCE WITH RULE 11(C)(2) OF THE FEDERAL RULES OF CIVIL PROCEDURE

On February 15, 2023, the undersigned served a copy of this Motion on Plaintiff's counsel of record in compliance with Rule 11(c)(2) of the Federal Rules of Civil Procedure. As Plaintiff has failed to correct the issues and deficiencies raised in this Motion within 21 days after service, Defendant files the instant Motion.

*/s/ Lindsey P. Bruning*
Lindsey P. Bruning

### CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been served on March 14, 2023, in compliance with the Federal Rules of Civil Procedure by electronic service as follows:

> Eric B. Dick
> State Bar No. 24064316
> eric@dicklawfirm.com
> **DICK LAW FIRM, PLLC**
> 3701 Brookwoods Drive
> Houston, Texas 77092
> Telephone:   (832) 207-2007
> **ATTORNEY FOR PLAINTIFF**

*/s/ Lindsey P. Bruning*
Lindsey P. Bruning

13